**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 09-034 (RMU)** |
| | : | |
| **DENISE CARPENTER,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of its request and recommendation that the Court impose a sentence of time served, a term of supervised release of four years, and restitution in this case.

**Background**

1. On June 16, 2009, defendant Denise Carpenter pled guilty to count one of the Indictment, Bank Fraud, in violation of 18 U.S.C. § 1344.[1] The defendant's plea was pursuant to an agreement with the Government, and the charge carries a maximum statutory penalty of 30 years' imprisonment and a fine not more than $1,000,000.00, or twice the pecuniary gain or loss. The defendant further agreed to pay restitution in the amount of $8,463.00.

**Sentencing Guidelines**

2. The Federal Sentencing Guidelines calculation embodied in the Presentence Report places the defendant's adjusted offense level at 9. See PSR ¶ 20. The PSR correctly affords the defendant

---

[1]     In accordance with the plea agreement, at the sentencing hearing the government will dismiss count two of the Indictment, Attempted Bank Fraud, in violation of 18 U.S.C. § 1344.

a two-point reduction in her guidelines calculation for acceptance of responsibility, which diminishes her total offense level to 7. See PSR ¶ 23. The PSR correctly calculates the defendant's criminal history score as 0. See PSR ¶ 26. The Guideline range for the defendant is therefore calculated at 0 to 6 months of imprisonment. See PSR ¶ 65.

### Sentencing Recommendation

3. Given the nature and circumstances of the defendant's criminal actions, and also taking into account the defendant's lack of a criminal record, her overall employment history, her willingness to meet with the government, and her early acceptance of responsibility for her conduct, the Government believes that a sentence of time served, a period of supervised release of four years, and mandatory restitution in the amount owed, $8,463.00, would be appropriate.

4. All of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should next be considered by this Court. See United States v. Gall, 128 S.Ct. 586 (2007). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

5. In this case, another individual, who apparently was referred to the defendant by her ex-boyfriend, asked the defendant to deposit a United States Treasury Check (a tax refund check) into

her account and withdraw the money to give back to him.[2] The United States Treasury Check was made payable to Charles Howard and S. Griffith-Howard, two individuals the defendant did not know. The defendant knew that the Treasury Check contained the falsely endorsed signature of Charles Howard because she saw the individual who had asked her to deposit the Treasury Check into her account sign the name Howard on the back of that check. She knew that that individual was not Charles Howard. Nonetheless, the defendant knowingly and voluntarily agreed to have the Treasury Check signed over to her, she endorsed the Treasury Check, and deposited it into her Bank of America checking account. Over the next eight days in three separate transactions, the defendant withdrew $8,100.00 in cash from her checking account. The government submits that the defendant either used or received the benefit of the remaining balance of $363.00 (the Treasury Check was for $8,463.00).[3]

6. Before the defendant was arrested, she provided a few different versions of events to special agents with the United States Secret Service. In one statement, the defendant stated that she was supposed to receive $500.00 for participating in this scheme and that she had provided different versions because she was scared. After the defendant was arrested, she met with the government and denied receiving any money directly from the individual who asked her to participate in this scheme. However, the defendant did receive a benefit from depositing the Treasury Check into her checking account. On July 5, 2006, the defendant had a negative checking account balance. The defendant used $270.88 of the money from the Treasury Check to pay for furniture at Aaron Salo. During the

---

[2]      The government has not been able to locate that individual.

[3]      The government has never maintained, nor do we believe, that the defendant was involved in the theft of the Treasury Check.

time period July 11 - 21, 2006, an additional $95.74 was taken by Bank of America from the defendant's checking account to pay for bank fees relating to the defendant's checking account activities. On July 21, 2006, the defendant had a negative balance in her checking account. This is illustrated in the following chart:

| DATE POSTED | AMOUNT/TRANSACTION | | BALANCE |
|---|---|---|---|
| 7/5/06 | 35.00- | overdraft item fee | 54.79- |
| 7/11/06 | 8,463.00+ | counter credit | 8,408.21 |
| 7/12/06 | 3,000.00- | cash withdrawal | 5,408.21 |
| 7/12/06 | 1,900.00- | cash withdrawal | 3,508.21 |
| 7/18/09 | 270.88- | check card - Aaron Salo | 3,237.33 |
| 7/19/09 | 35.00- | overdraft item fee for 7/18/06 | 3,202.33 |
| 7/20/06 | 3,200.00- | counter debit | 2.33 |
| 7/21/06 | 5.95- | monthly maintenance fee | 3.62- |

7. The defendant exercised extremely poor judgment when she agreed to participate in this scheme, and she did so with an individual she did not know very well, if at all, who was referred to her by her ex-boyfriend. The defendant could have said no and refused to participate. She has the ability to work based upon her past employment history. Everyday we all must make choices as part of our daily living. Here, the defendant made an unacceptable choice and it is not really clear why she made that decision. That decision arguably put at risk the defendant's liberty interest and potentially her ability to raise her two children for a period of time.

8. The government has agreed to allocute for a sentence of time served. In reaching this decision, the government has balanced what would be an appropriate sentence for the defendant, the

seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and affording adequate deterrence to criminal conduct. The government acknowledges that this is the defendant's first contact with the criminal justice system. This is a very serious offense. Unfortunately, bank fraud is all too common in today's society. It is a reasonable expectation that the banking industry at some point will have to address increased security measures to detect and prevent bank fraud, and the ultimate cost for such prevention may be passed along to the consumers. It is noteworthy that after the defendant's arrest, she met with the government and was cooperative. A period of supervised release would permit the defendant to work and pay restitution in the amount of $8,463.00. The government believes that the defendant would benefit from life skills training and financial planning, and therefore recommends that those programs and/or courses be considered as a condition of probation.

WHEREFORE, for the above reasons, the Government requests that the Court impose a sentence of time served and a period of supervised release of four years.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415-793

BY: _____/s/_____
KARLA-DEE CLARK
Assistant United States Attorney
D.C. Bar No. 435-782
555 4th St., N.W. Room 4846
Washington, D.C. 20530
(202) 305-1368
karla-dee.clark@usdoj.gov